Judgment reversed.

*New-London,*
July, 1850.

Quinebaug
Bank
*v.*
Tarbox.

---

### MINER *against* BROWN:

#### IN ERROR.

*On the trial of a complaint in summary process to obtain possession of leased
premises, each party has the right of challenging, peremptorily, two jurors.*

THIS was a complaint in summary process, brought by
*Robert Brown* against *Charles B. Miner,* to obtain posses-
sion of leased premises. The defendant pleaded the general
issue; on which the cause was tried before *Philip Morgan,*
Esq. justice of the peace, and six jurors, in *July,* 1849.

On the trial, the defendant challenged one of the jurors for
cause, alleging, that he was hostile to the defendant, and a

personal friend of the plaintiff, and that he was so prejudiced against the defendant and partial to the plaintiff, that he was incapable to judge impartially between the parties. The justice, after examining the juror, decided, that there was not sufficient cause of challenge, and disallowed it. The defendant thereupon challenged the same juror peremptorily. This challenge also the justice disallowed, and permitted the juror to retain his seat on the jury. The defendant made another objection to the panel, which was overruled. He also excepted to the charge given by the court to the jury.

The plaintiff having obtained a verdict, the defendant thereupon brought a writ of error in the superior court, which was reserved for the advice of this court.

*L. Bristol* and *G. W. Goddard*, for the plaintiff in error.

*McCurdy* and *H. Willey*, for the defendant in error.

STORRS, J.   Our decision, at the present term, in the case of *The Quinebaug Bank* v. *Tarbox*, (*ante, p.* 510.) disposes of the question on the error here assigned, that the court, on the trial of the cause below, denied to the plaintiff in error (the defendant in that case,) the right of peremptorily challenging any of the jurors.   We there held, that the statute, upon which the defendant claimed that right, was applicable to a court constituted under the statute of forcible entry and detainer; and, for the reasons given in the opinion, in that case, it is equally applicable to a court held under the statute providing a remedy for obtaining possession of leased land, by summary process, under which the complaint in the present case was brought.   *Stat. Civil Actions,* § 267. *p.* 126.   The judgment below should be reversed for error on that point; and it is therefore unnecessary to consider any of the other errors assigned.

We advise the superior court, that there is manifest error in the judgment complained of.

In this opinion the other judges concurred.

Judgment reversed.